IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANK GUTIERREZ,

        Petitioner,

v.                                                                                              CIV 03-964 MV/KBM

JOE WILLIAMS, Warden, et al.,

        Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

        This matter is before the Court on Frank Gutierrez's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, Respondents' Motion to Dismiss the petition as time-barred, the parties's supplemental pleadings and exhibits pursuant to my prior order, and Petitioner's other recent motions/requests. Because Gutierrez filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its standards apply to this case. *E.g., Paxton v. Ward,* 199 F.3d 1197, 1204 (10th Cir. 1999). All of the issues can be resolved on the record, such that an evidentiary hearing is unnecessary. *E.g., Trice v. Ward,* 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied,* 531 U.S. 835 (2000); Rule 8(a), *Rules Governing Habeas Corpus Under Section 2254.* Having considered the arguments, pleadings and relevant law, I find the petition time-barred and recommend that it be dismissed with prejudice.

        On January 16, 2001, a jury found Petitioner guilty of trafficking cocaine based upon his sale of less than half a gram to an undercover agent for $80. *See Doc. 10* (herein after "*Answer*"), Exhs. A, D. The trial judge entered a nine-year sentence of incarceration on April 10, 2001, noting that a habitual offender enhancement hearing would be held at a later date. *Id.* After

conducting this hearing, the trial judge entered an amended judgment on May 1, 2001, which added an eight-year habitual offender enhancement, bringing the total sentence to seventeen years incarceration. *Id.,* Exh. B.

Represented by counsel, Gutierrez appealed. The summary calendar proceedings resulted in two proposed notices, one considering reversal and the other considering affirming. Ultimately, a panel of the New Mexico Court of Appeals affirmed the trial court. *See id.* Exhs. D-J. The New Mexico Supreme Court denied certiorari on January 7, 2002. *See id.,* Exhs. K-L.

Because Gutierrez filed his § 2254 petition after the April 24, 1996 effective date of AEDPA, its one-year statute of limitations applies. Pursuant to 28 U.S.C. § 2244(d)(1), the limitations period runs "from the latest" of four possible periods, only one of which is implicated here – the date the conviction became final. Adding ninety days during which Petitioner could have petitioned the Supreme Court of the United States, the one-year limitations period began to run on Monday, April 8, 2002. *E.g., Locke v. Saffle,* 237 F.3d 1269, 1273 (10th Cir. 2001); *Rhine v. Boone,* 182 F.3d 1153, 1155 (10th Cir. 1999), *cert. denied,* 528 U.S. 1084 (2000). Thus, absent tolling, his federal petition would have been due Monday, April 7, 2003. *See Haney v. Addison,* 175 F.3d 1217, 1220 (10th Cir. 1999) (the relevant date for filing is the last day before the "anniversary date" in calculating timeliness of habeas petition).

Represented by a new attorney, on April 26, 2002 Petitioner filed in state court a motion for sentence modification under Rule 5-801. Counsel argued that the trial judge failed to consider mitigating circumstances and that New Mexico's enhancement statute is unconstitutional. *See Answer,* Exhs. N, O. Respondents do not argue that the Rule 5-801 motion was untimely. *See N.M. Rule 5-801(B)* (modification of sentence may be filed within ninety days after ***court receives***

2

mandate dismissing appeal); *Answer,* Exh. M (mandate dated January 25, 2002, ninety days hence is April 25, 2002); *Docs. 11, 20* (asserting this filing was properly filed for tolling purposes); *Truelove v. Smith,* 9 Fed. Appx. 798, 801 (10th Cir. 2001) (properly filed motion for modification under 5-801 can toll AEDPA limitations period). Following briefing and a hearing, this motion remained pending for forty days until June 5, 2002, when the trial judge entered a second amended judgment. This judgment, among other things, retained the original seventeen-year sentence, but suspended part of it for a "total amount of incarceration" of twelve and one half years. *Id.,* Exh. C.

On August 6, 2002, apparently still represented by his attorney, Gutierrez filed for state habeas corpus relief. *Id.,* Exh. P. The matter remained pending for thirty-eight days until September 23, 2002, when the trial judge denied the petition, stating that he had no jurisdiction to consider it, but also that the petition lacked merit. The trial judge did not explain the basis for his decision that he had no jurisdiction to entertain the Rule 5-802 petition. *Id.,* Exh. Q. Again, however, Respondents concede that the state habeas petition was properly filed for tolling purposes. *Docs. 11, 20.*

Under Rule 5-802(H), when state habeas petition is denied, within thirty days "after the district court's decision . . . a petition for certiorari may be filed with the [New Mexico] Supreme Court." The thirty-day deadline is mandatory under the applicable appellate rules. *See Santillanes v. Lemaster,* 12 Fed. Appx. 728, 732 (10th Cir. 2001) ("The certiorari deadline in habeas cases is phrased in mandatory terms: 'Petitions for writs of certiorari shall be filed with the supreme court clerk within thirty (30) days of the district court's denial of the petition.' N.M.R.App.P. 12-501(B)."). Under Tenth Circuit law construing an Oklahoma rule, however,

3

"regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson v. Klinger,* 232 F.3d 799, 804 (10th Cir. 2000). This same principle has been applied in New Mexico cases and the *Gibson* decision approved the practice. *See id.* at 803-04 & n.1 (citing *Rowe v. LeMaster,* 225 F.3d 1173, 1174 (10th Cir. 2000) and *Barnett v. Lemaster,* 167 F.3d 1321 (10th Cir.1999)).

Therefore, the seventy-eight day period in which the above two state proceedings were pending, plus the thirty-day period in which to petition the New Mexico Supreme Court for certiorari, brought Petitioner's federal filing deadline from April 7, 2003 to July 24, 2003. He mailed his federal petition on August 14, 2003, three weeks beyond the deadline. *See e.g., Hoggro v. Boone,* 150 F.3d 1223, 1226 n.3 (10th Cir. 1998) (prisoner mailbox rule applies to federal petitions).

The other pleadings Petitioner filed or tendered in state court in an attempt to have the trial judge's dismissal of his state habeas petition reconsidered or reviewed do not toll the limitations period. *See Doc. 18,* Exhs. S, T, V (dated 10/7/02, 11/8/02, and 11/12/02, respectively). The first two pleadings were filed with the trial judge and styled as "objections" to the dismissal of the state habeas petition. He requested a "rehearing" on the matter and, if the rehearing was denied, he requested that his objections "serve as a notice of appeal." *Id.,* Exhs. S, T. The trial judge apparently did not rule on the "objections." *See id.,* Exh. U.

The AEDPA statute of limitations is tolled only for the period "during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in

4

compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the *time limits* upon its delivery, *the court* and office *in which it must be lodged*, and the requisite filing fee." *Artuz v. Bennett,* ___ U.S. ___, 121 S. Ct. 361, 364 (2000) (emphasis added); *see also Habteselassie v. Novak,* 209 F.3d 1208, 1210-11 (10th Cir. 2000) (same).  Rule 5-802(H), above, which permits the filing of a petition for certiorari in the New Mexico Supreme Court within thirty days, is the only avenue available by New Mexico procedures following a denial of post-conviction relief.

For that reason, the Tenth Circuit has held that a "motion for reconsideration" filed after the denial of post-conviction relief in New Mexico does not count toward tolling.  The decision is unreported so I set forth the applicable section of the opinion in full:

> Mr. Villanueva argues that because the state district court never ruled on his motion for reconsideration, his state proceedings are still pending and the limitation period applicable to his federal petition is still tolled.  We are not persuaded. Mr. Villanueva moved for reconsideration pursuant to the state rule of civil procedure analogous to Fed.R.Civ.P. 60, which provides for relief from a final judgment for inadvertence and excusable neglect.  *See* N.M.R.Civ.P. 1-060.  Although the state district court never ruled on the motion, we disagree that the state proceedings must therefore still be considered pending.  The New Mexico Supreme Court has made clear that state post-conviction habeas petitions are not appropriately characterized as civil actions, and that such actions are therefore not controlled by the New Mexico Rules of Civil Procedure.  *See Caristo v. Sullivan,* 112 N.M. 623, 818 P.2d 401, 406-07 (N.M.1991).  Mr. Villanueva's motion for reconsideration was thus not "properly filed" within the tolling provision of section 2244(d)(2), and it therefore did not toll the running of the grace period.  Accordingly, Mr. Villanueva's section 2254 petition was not timely.

*Villanueva v. Williams,* 1999 WL 84082 at *2 (10th Cir. 1999).  Petitioner's "objections" are indistinguishable from the "motion for reconsideration" in *Villanueva.*  Furthermore, even though

the objections ask that the court construe them as an appeal, under *Artuz* the filing was not "proper" because it was filed in the district court instead of the New Mexico Supreme Court. I therefore find that the objections do not count toward tolling, regardless of whether the trial judge ruled on them, and regardless of the fact that Petitioner asked that they also be construed as an appeal from the denial of post-conviction relief.

Petitioner's belated petition for a writ of certiorari to the New Mexico Supreme Court was rejected for filing because the "rules will not allow [it] to accept a petition . . . that is late for any reason." *Id.,* Exh. V.  Since Gutierrez did not comply with the applicable time limitations, his attempted filing in the New Mexico Supreme Court also does not qualify under *Artuz* to toll the limitations period.  For these reasons, I find that the § 2254 petition is time-barred.

In their supplemental motion, Respondents alternatively assert that the § 2254 is also procedurally-defaulted.  Given my disposition of the timeliness issue, it is unnecessary to address the procedural default issue, although Respondents are correct that the federal petition stands in a procedurally-defaulted posture.[1]

Because I have before me the necessary materials from the state court records to

---

[1] Petitioner's failure to timely pursue an appeal also constitutes a procedural default because he did not fully exhaust his state court remedies and now has no avenue available to him to further exhaust. *See Hilliard v. Tansy,* 1996 WL 284713 at *2 (10th Cir. 1996) ("in the instant case, Hilliard failed to seek timely certiorari review of his state habeas petition by the New Mexico Supreme Court, and he is therefore procedurally barred from federal habeas relief."). The "thirty-day deadline for filing petitions for certiorari [in New Mexico] is applied evenhandedly and is both 'independent' and 'adequate' for purposes of procedural bar." *Santillanes,* 12 Fed. Appx. at 732; *see also id.* at 730  ("An employee of the [New Mexico] Supreme Court clerk's office returned the petition unfiled, because she had received it after the deadline."). Where federal claims are defaulted due to an independent and adequate state rule, the federal court cannot review the federal habeas petition unless Petitioner demonstrates "cause and prejudice" or a "fundamental miscarriage of justice." *E.g., Coleman v. Thompson,* 501 U.S. 722, 750 (1991).  Petitioner has not raised any grounds for excusing the procedural default.

determine that the federal petition is time-barred, Petitioner's remaining requests or motions concerning counsel, submission of additional documents, and staying this matter while he pursues tort relief in the state courts are unavailing. In addition, Gutierrez raises no grounds for equitable tolling and none are apparent from the record. Nevertheless, to assure that Petitioner has a meaningful opportunity to respond, I will give him more than the usual time within which to file his objections.

Wherefore,

**IT IS HEREBY RECOMMENDED** that Respondents' motions *(Docs. 11 & 19)* be granted, that the § 2254 petition be dismissed with prejudice as time-barred, and that Plaintiff's motion for counsel *(Doc. 3)*, motions regarding supplemental records *(Docs. 14, 15 & 16)*, and motion to stay the proceedings *(Doc. 17)* be denied.

**IT IS FURTHER ORDERED THAT** Petitioner will be allowed **thirty (30) days** of receipt of these Proposed Findings and Recommended Disposition in which to file his objections pursuant to 28 U.S.C. § 636(b)(1) and set forth his grounds for equitable tolling, if any. **The written objections must be filed with the Clerk of the District Court. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE